UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
RONALD J. HEDGES
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING, JR.
FEDERAL BUILDING AND COURTHOUSE
50 WALNUT STREET
NEWARK, NJ 07101
973-645-3827

January 22, 2007

**LETTER-OPINION AND ORDER**
**ORIGINAL FILED WITH CLERK OF THE COURT**

Alan S. Pralgever, Esq.
Wolf, Block, Brach & Eichler, Esqs.
101 Eisenhower Parkway
Roseland, NJ 07068-1067

Diego Chinchilla
*Pro Se*
1376 N.W. 129th Way
Sunrise, FL 33323

Re:    Protameen Chemicals, Inc., v. Diego Chinchilla
          Civil Action No. 05- CV-03383-FSH-PS

Dear Litigants:

INTRODUCTION

This matter comes before me on defendant's application for appointment of pro bono

counsel. I have considered the papers submitted on the application. There was no oral argument.

Rule 78.

1

BACKGROUND

On July 5, 2005, plaintiff Protameen Chemicals, Inc. ("plaintiff") filed a Complaint against its former employee, defendant Diego Chinchilla ("defendant"). Plaintiff alleged that defendant breached a Confidentiality and Non-Compete Agreement and the implied covenant of good faith and fair dealing and that he tortuously interfered with plaintiff's prospective economic advantage. On August 2, 2005, defendant filed an Answer.

DISCUSSION

District courts are vested with discretion to appoint counsel for indigent litigants in civil cases. See 28 U.S.C. § I 915(e)(l). These litigants, however, do not have a right to appointed counsel. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994). The Third Circuit has enumerated factors that the court should consider when exercising its discretion. First, the court should ascertain the merits of a litigant's claim. If the court determines that the claim has "some merit in fact and law," it should consider the following six factors, including: (1) the litigant's ability to present his case; (2) the complexity of the legal issues; (3) the extent of factual discovery, and consequently the litigant's ability to investigate and cooperate with rules of discovery; (4) the extent by which the case may develop on credibility determinations; (5) if expert testimony is necessary, and; (6) whether the litigant can afford to retain counsel on his own accord. Tabron, 6 F.3d at 155-56; see Parham v. Jolrnson, 126 F.3d 454, 457 (3d Cir. 1997). While the factors are not exhaustive, these serve as an analytical guide that the court may utilize. Parham, 126 F.3d at 458.

A. Merit of Litigant's Claim in "Fact and Law"

The critical question that the court must consider is whether the litigant's claim has merit in fact and law. See Tabron, 6 F.3d at 158.  Defendant denied the majority of plaintiff's allegations. Defendant also asserted multiple affirmative defenses, including claims of slander, libel, trade libel and unfair competition.  I am satisfied that defendant's claim has merit.

B. Tabron /Parham Factors

1. *Defendant's Ability to Present Case*

When considering whether a litigant is capable of presenting his case, courts take into consideration various factors, including education, employment, prior litigation experience, comprehension of language, and access to necessary resources.  Parham, 126 F. 3d at 459; Tabron, 6 F.3d at 156.

Defendant's application does not provide information regarding restricted access to necessary resources. Defendant appears to be educated and is reasonably articulate.  Defendant appears to have remained employed.  It is unknown whether defendant has prior litigation experience. This factor does not weigh in favor of the appointment of counsel.

2. *Complexity of Legal Issues*

If the legal issues involved in a case are complex in nature, the court should exercise its discretion to appoint counsel. See Tabron, 6 F.3d at 156. Allegations concerning breach of contract and tortuous interference with economic advantage do not, without more, require skilled

research and analysis of complex legal issues, terminology, or applicable case precedents. This factor weighs against the appointment of counsel.

### 3. *Factual Discovery and Cooperation with Rules of Discovery*

Discovery in closed. This is no longer a relevant factor.

### 4. *Credibility*

Concerning the fourth factor--the extent to which a case may turn on credibility--the court should "consider whether the case [will be] solely a swearing contest." Parham, 126 F.3d at 454. In the Complaint, plaintiff described in detail several actions allegedly committed by defendant. Defendant will presumably give testimony as to his version of the events. This testimony is likely to contradict that offered by plaintiff. This factor weighs in favor of the appointment of counsel.

### 5. *Expert Testimony*

Expert testimony will not be necessary. This factor weighs in favor for the appointment of legal representation.

### 6. *Whether Defendant can Independently Retain and Afford Counsel*

If the litigant can independently retain and afford counsel, or has not yet attempted to retain counsel, the court should not appoint one for him. See Tabron, 6 F.3d at 157. Defendant is employed and now lives in Florida. He had an attorney. He claims that he cannot afford a new attorney due

to high taxes and insurance and attorneys' fees. However, defendant has failed to substantiate his

claim with any financial records.  This sixth factor weighs against the appointment of counsel.

CONCLUSION

For the reasons set forth above, and given the limited number of attorneys who are willing

to accept pro bono appointment, the application is DENIED.

SO ORDERED.

s/ Ronald J. Hedges_____
United States Magistrate Judge

Cc:    Hon. Peter G. Sheridan, U.S.D.J.
       File